CASANOVA'S MINORS *vs.* AREGNO ET ALS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW-ORLEANS.

After producing the execution, it is necessary to show the judgment on which it issued.

If the property sold be insufficient to satisfy the oldest mortgage, the sheriff must cancel posterior ones.

The plaintiffs caused two slaves to be seized and sold to satisfy a judgment which they had obtained against their natural tutrix for the balance of the account of her administration. It appeared that a conventional mortgage existed on these slaves in favor of the defendant, but of a posterior date to the tacit mortgage of the plaintiffs. The purchaser refused to pay the price of the slaves because the sheriff declined to raise the conventional mortgage; whereupon the plaintiffs took a rule upon the defendant and the sheriff, to show cause, why the latter should not be ordered to raise the mortgage, and make a clear title to the purchaser upon receiving the price of the slaves. The rule was made absolute, and the defendant appealed.

*De Armas*, for appellant.

*Seghers*, for appellee, cited *Code of Practice, art.* 708.

*Martin, J.* delivered the opinion of the court.

The plaintiffs showed that a writ of *fi. fa.* having issued on a judgment they had obtained against their tutrix, the sheriff seized and sold two slaves; but the purchaser refused to pay the price because the sheriff declined to raise (according to the 708*th article of the Code of Practice*) a conventional mortgage in favor of the defendants, of a date posterior to that of the plaintiffs' tacit and legal mortgage on their tutrix's property; a rule was obtained against the defendant and the sheriff to show cause why the latter, on receiving from the purchaser the price of said slaves, should not raise the defendants mortgage and make a clear title to the purchaser.

EASTERN DIST.
*December*, 1831.

CASANOVA'S
MINORS
*vs.*
AREGNO ET ALS.

The defendant Aregno appeared but the sheriff did not.

The rule was made absolute against the sheriff, and Aregno appealed.

The statement of facts shows that the plaintiffs' prior mortgage was proven, and is of an anterior date. The Court of Probates declined expressing any opinion as to the appellant's right, on application to some other tribunal, to obtain an injunction to the sheriff.

The mortgage of the appellant is posterior in date to that of the appellees.

It does not appear that the appellant made any other defence below than an opposition to the reading of the appellees' judgment against their tutrix. The grounds of this objection are not stated on the record, and have not been presented to us by the appellants' counsel, and we are unable to guess at them. The appellees had produced their execution, and the production of the judgment on which it issued was necessary to establish its regularity.

*After producing the execution it is necessary to show the judgment on which it issued.*

*If the property sold be insufficient to satisfy the oldest mortgage, the sheriff must cancel posterior ones.*

On the merits, the sheriff having sold property on which there were two mortgages, to satisfy the first, and the proceeds of the sale being insufficient to satisfy it, there remained no property liable to the second.

In such a case, it is the sheriff's duty to cancel the latter.

The purchaser is bound for nothing else but the price of the adjudication, and if after paying the sueing creditor, there remains nothing to discharge the mortgages subsequent to that of the sueing creditor, the sheriff shall give him a release from these mortgages.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.