### CHILDRESS vs. ALLIN ET AL.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, FOR THE PARISH OF
LIVINGSTON, JUDGE JONES, OF THE DISTRICT, PRESIDING.

The court cannot receive as proper evidence, any document or fact which
the judge *a quo* states in his judgment to have been proven.   It must
appear by proof independently of his opinion or statement.

So, where the judgment of a Parish Court is offered in evidence in the
District Court, and which is not copied into the record, and attested by
the officer of the court, but is embodied in the judge's opinion, it is
insufficient, and cannot be used as evidence on the appeal.

This court will not dismiss the appeal for an imperfection in the record,
but continue the case for a reasonable time, to have the record perfected.

This is a petitory action, in which the plaintiff sues to
recover a section or six hundred and forty acres of land.
He claims under an act of sale from one R. Duncan, who
purchased the land in question at sheriff's sale, under an
execution and judgment obtained by T. G. Davidson *vs.* Wm.
and Stephen Allin, for one hundred dollars.   The sheriff's
deed recites, that in virtue of a writ of *fieri facias*, from the
Parish Court of Livingston, against the goods, &c., of Wm.
and Stephen Allin, in a suit in which T. G. Davidson was
plaintiff, he seized and sold the land in question, and R.
Duncan became the purchaser, for the sum of one hundred

and seventy-one dollars. The judgment of this suit was offered in evidence, the *other papers being lost.* Duncan sold and conveyed to the plaintiff, and the act of sale is in evidence. Wm. Allin and wife are in possession, and claim the land as her property; she having purchased it from Stephen Allin. There is no evidence that it was ever her property. The title was confirmed to W. Allin, her husband, who conveyed it to S. Allin, together with all his stock, farming utensils, household and kitchen furniture, &c., the 4th of February, 1826, for two thousand dollars. In this situation it was seized and sold, and the sheriff's deed is dated the 15th August, 1834.

There was judgment for the plaintiff. *The judgment under which the land was sold, is omitted in the record*; the judge, however, literally embodies it in his opinion at length, in entering up his judgment. The defendants appealed.

*Curry*, for the plaintiff, submitted the case on the following points:

1. This is in the nature of a petitory action, and the plaintiff has exhibited a complete and legal title to the land in contest, and is clearly entitled to recover. The defendants have shown no title.

2. The certificate of the clerk, is not made in conformity with law. It should state that the record contains all *the evidence adduced on the trial*, &c.

The plaintiff and appellee submits the case to the court, on the merits, or, on the insufficiency of the certificate. The judgment must, therefore, be either affirmed, or the appeal dismissed.

*Hennen*, for the defendants, contended that the evidence was insufficient to authorize a recovery. The plaintiff's title rests on the sheriff's deed, which is unsupported by *the judgment* under which the land purports to have been sold, and is, therefore, of no validity. *Donaldson* vs. *Winter*, 8 *Martin*, *N. S.*, 175 and 162; 1 *Louisiana Reports*, 137.

2. The plaintiff, not having made out his title or case, must be non-suited.

3. If there is any imperfection in sending up the record, by the clerk, it can be remedied : the appellants are not to suffer. *See acts of* 1839, *sec.* 19, *page* 170.

4. The judge's statement shows that he noted all the evidence ; and if any is missing, it is the fault of the clerk.

*Martin, J.,* delivered the opinion of the court.

In this case, the dismissal of the appeal is asked, on the insufficiency of the clerk's certificate ; which does not state that the record contains all the evidence on which the case was tried, except under an *and so forth.* But there is a statement or note of the evidence, made by the judge, in which the different documents produced in evidence, are stated and marked by their titles and letters. One of these documents, is a judgment under which the land claimed is alleged to have been sold, which is described in the following words : "Judgment No. 4, T. G. Davidson *vs.* Wm. and Stephen Allin." This document, however, is not to be found, *in extenso,* in any part of the record, except in the judgment appealed from, where it is embodied at full length, without any certificate of its being a true copy from the clerk of the court who rendered it.

The court cannot receive, as proper evidence, any document or fact which the judge *a quo* states in his judgment to have been proven. It must appear by proof independently of his opinion or statement.

So, where the judgment of a Parish Court is offered in evidence in the District Court, and which is not copied into the record and attested by the officer of the court, but is embodied in the judge's opinion, is insufficient, and cannot be used as evidence on the appeal.

We have often held that this court cannot receive, as proper evidence for their consideration, any thing which the judge *a quo* states, in his judgment, to have been proven.

The record of the judgment under which the land was sold, not being attested by an officer of the court which rendered it, cannot be taken by us as the basis of our judgment.

This court will not dismiss the appeal for an imperfection in the record, but continue the case for a reasonable time to have the record perfected.

The act of the legislature, approved 20th March, 1839, section 19, makes it the duty of this court, in a case like this, to refrain from dismissing the appeal, and to grant a reasonable time to have the record perfected.

It is, therefore, ordered, adjudged and decreed, that this cause be continued, to give sufficient time to complete the record.