Simon, J.
delivered the opinion of the court.
This case was before us last year, and was continued to give sufficient time to complete the record. 15 La. Rep. 500. Since then, a duly certified copy of the judgment on which the execution issued, has been procured, and now malees a part of the record. Said judgment shows that a judgment by default was regularly rendered on the 26th of May, 1832, and was made final and signed on the 12th of February, 1833.
Defendant's counsel having objected before the lower court, to the introduction in evidence of the said judgment and of the sheriff’s deed of sale, on the grounds that it was rendered without citation and ex parte; that it purports to make final a default which never existed; that the sheriff’s sale under which the plaintiff claims was not made officially, and that no incipient pleadings ever existed or were proven; the judge a quo overruled the objec[40] tions, and signed a bill of exceptions, which, being particularly relied on by defendant’s counsel, must be first disposed of.
We think the district judge did not err. It was clearly the duty of the plaintiff, in order to make out his case, to produce the judgment which was the basis of the execution under which he claims title to the property in dispute, and we cannot see any reasonable objection to it. This court has often held that a sheriff’s deed could not pass the property of the defendant in execution, unless supported by a judgment; 8 Mart. N. S. 162, 179; and that he who claims under a sale made by virtue of a writ of fieri facial, is only bound to produce the judgment on which it issued, and cannot be required to produce any other part of the record. 6 Id. 462; 3 La. Rep. 212, 214; Id. 12. Such judgment is prima facie evidence of the regularity of the previous proceedings or incipient pleadings, and it is the duty of the party complaining of irregularities in such previous proceedings, or attacking the sale as illegal, to show in what they may consist. With regard to the sheriff’s deed, *29 we are unable to perceive the bearing of the objectionit appears on its face to have been officially and legally made; it is in due form, and we see no reason why it should have been rejected.
On the merits, we are of opinion that the plaintiff has sufficiently made ont his case, and that he is entitled to recover the property described in his petition. It is however true that he has failed to produce the writ of execution and sheriff’s return which, in ordinary cases, are absolutely required to support a sheriff’s sale, hut from the evidence by him adduced to supply the absence of this document, he has shown, and we think, conclusively, that such writ of execution once existed, and that owing to certain circumstances clearly proven and over which he had no control, it has been lost or destroyed together with the other papers of the suit. If the records of a court of justice he lost or destroyed, we are not ready to say that, after their existence [41] and loss are established, the party should not he allowed to resort to the next best evidence which the nature of the case is susceptible of, and that it should not he received; and if written copies of them do not exist, their contents may, if necessary, he established by parol testimony. This the plaintiff has done so far as it could he required of him; he has shown by the then acting sheriff that the execution under which the sale was made, was, after said sale, duly returned to the clerk, and the deed of sale recites the writ and the suit in which it was issued, and considering therefore the proof of the existence of the writ and its subsequent loss as sufficiently established, we feel hound to give to these facts the same force and effect as if the execution itself was before ns; and we come the more readily to this conclusion that the defendants have not in any part of their answer, pointed ont any informality in the proceedings which would in any way give us any ground to suspect their validity. It is now a well settled doctrine in our jurisprudence, in relation to sales under execution, that “ when a purchaser shows a judgment, writ of execution and sale to him under them, made by the proper officer, all previous proceedings by the latter must he presumed to have been correctly made,” and that presumption omnia rseta aeta will exist until the contrary he shown. 9 La. Eep. 542. In this case the defendants have not even attempted to allege any informality in any part of the proceedings previous to the deed of sale; they based their defence upon entirely different grounds which are unsupported by the evidence.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.