ADOLPHE FOLLAIN and others, *v.* ZEPHERIN BROUSSARD, Sheriff, and others.

Property specially mortgaged to secure the payment of notes given by the vendee for the price, having been sold on a twelve months' credit, under a judgment obtained by the vendors on one of the notes, was purchased by a third person, who, a short time after, resold it to the original vendee, in consideration of his paying the twelve-months' bond. The original vendors having afterwards obtained judgment for the balance due on the notes given for the price, which was recorded subsequently to the registry of a judgment obtained against the vendee by other creditors, in a contest between the latter and the original vendors: *Held*, that the sheriff's sale divested the vendee of his title, and extinguished the mortgage of his vendors, unless it be proved that the vendee was the real purchaser at the sheriff's sale, and bid in the property through the nominal purchaser. In the latter case, the mortgage of the original vendors would not be extinguished, and the payment by the vendee, of the amount of the twelve-months' bond, would be considered as a payment on the ꞏdebt to his original vendors. C. P. 685, 686, 708.

NICHOLAS and Edward Leblanc appealed from a judgment of the District Court of St Martin, *King*, J., in favor of the plaintiffs.

*Magill*, for the plaintiffs.

*Voorhies*, for the appellants.

MORPHY, J. The facts which gave rise to this controversy are as follows: Nicolas and Edward Le Blanc sold to Charles Fagot a tract of land, on certain terms of credit, and retained a mortgage to secure the payment of three notes taken for the price.

Suit was brought upon one of these notes, judgment obtained, and the property sold, on the 1st of October, 1842, on a credit of twelve months. It was adjudicated to Balthazar Neuville Declouet, for a sum insufficient to pay the balance of the price.

On the 20th of the same month, a contract was entered into between B. N. Declouet and Fagot, by which the former agreed to reconvey to the latter the land he had purchased at the sheriff's sale, in case Fagot should pay, at its maturity, the twelve-months' bond he had given for the price of the adjudication to him. At the maturity of the bond, it was paid by Fagot, and the property was accordingly reconveyed to him by Declouet with whose consent, as expressed in the contract, he had remained in possession of it from the day of the sheriff's sale. On the 11th of May, 1841, a judgment obtained by Derbes, Delahoussaye & Co, but now held by Follain, Bellocq & Degelos, the plaintiffs, was recorded against Charles Fagot. N. and E. Le Blanc, who had sued their vendee to recover the balance due to them, had their judgment recorded after that of Follain, Bellocq & Degelos. They levied an execution on the land reconveyed to Fagot; it was sold, and a twelve-months' bond given for the price. Follain, Bellocq & Degelos have enjoined the sheriff from paying over the proceeds of this bond to N. and E. Le Blanc, alleging themselves to be the oldest judicial creditors of Fagot, while the latter contend that they have never lost their special mortgage and vendors' privilege.

It is clear that the sheriff's sale to B. N. Declouet divested Fagot of title, and, at the same time, extinguished the mortgage of his vendors, N. and E. Le Blanc, under which it was made, unless it appear that Fagot was in reality the purchaser at that sale, and bid in the property through B. N. Declouet, as a person interposed. If such be the case, it is equally clear that the sale under the execution did not extinguish the special mortgage of the defendant, and that the money paid by Fagot on the twelve-months' bond, must be considered as a payment on his original debt to them. Code of Practice, arts. 685, 686, 708. 3 La. 211. 9 La. 11.

The question, then, is rather one of fact than of law. Did Declouet buy for himself, and, having so bought, did he after-

wards convey to Fagot, or did he buy for the latter under a pre-vious agreement and understanding with him? The sheriff's sale to Declouet took place on the 1st of October, 1842. The contract between him and Fagot to reconvey the property to the latter, and to permit him, in the mean time, to hold possession of it, was not entered into until twenty days after. In that con-tract B. N. Declouet, who was liable for the twelve-months' bond, was not satisfied with the special mortgage on the land by which its payment was secured, but exacted of Fagot an additional mort-gage on a number of slaves, together with his wife's renunciation of her tacit mortgage on them, and he gave him a title to the pro-perty only after Fagot had discharged him from any liability by paying the twelve-months' bond. No understanding is shown to have existed previous to the sale between Fagot and Declouet, that the latter should become the purchaser for the benefit of the former. If such an agreement had been made, it was easy for the defendants to have proved it, as Balthazar Neuville Declouet was examined as a witness on the trial below. Nothing autho-rizes us to presume it, unless it be the possession of a few days, which Fagot retained between the day of the sheriff's sale and his contract with Declouet. This circumstance, which is not inconsistent with the absence of any previous understanding be-tween the parties, does not satisfy us that any existed. We think, then, with the inferior judge, that the adjudication of the property was made to B. N. Declouet, and that it had the effect of extinguishing the special mortgage of the defendants. Their judicial mortgage having been recorded after that of Fol-lain, Bellocq & Degelos, the latter are entitled to the proceeds of the property in the hands of the sheriff.

*Judgment affirmed.*