## McCrea *v.* Marshall.

Where in answer to an action to recover an amount agreed to be deducted from the price of land purchased by plaintiff on account of a deficiency in the quantity, defendant avers that there was no deficiency, the burden of proving that there was no deficiency is on him, he pleading it specially as matter of defence.

Contracts or agreements relative to personal property, or for the payment of money, above five hundred dollars in value, must be proved by at least one credible witness, and other corroborating circumstances. C. C. 2257.

A purchaser of property entitled to a deduction from the price, will not lose his right to such deduction, by failing to assert his claim at the time that an order of seizure and sale is taken out by the vendor. *Per Curiam;* The fact that he abstained from availing himself of the right in a former suit, does not preclude him from claiming the amount in another action. C. C. 2265.

APPEAL from the Commercial Court of New Orleans, *Watts*, J  *Eggleston*, for the plaintiff.  *Stevens* and *Grymes*, for appellant.

The judgment of the court was pronounced by

KING, J.  On the 7th of March, 1842, the plaintiff *McCrea*, purchased from *Thomas Barnard*, a tract of land, lying in the parish of Terrebonne, represented in the act of sale to contain 760 acres, for the price of $6080, for which sum the purchaser gave his promissory notes, bearing eight per cent interest from their date, and a mortgage was retained upon the land to secure their payment.

In 1843, *Marshall*, the defendant, purchased these notes from *Barnard*. Pending the negotiation for their transfer, both parties were notified by *McCrea*, that a deficiency of 190 acres had been discovered in the quantity of the tract. Acting upon the supposed truth of this representation, a deduction was made by *Barnard*, of $700 or $800 from the price which *Marshall* was to have paid for the notes. After the maturity of two of the notes, *Marshall* obtained an order of seizure, by virtue of which the mortgaged property was sold on the 24th June, 1844, and produced $7600, of which sum, $7206,99 were applied to the extinction of his claim, that being the full amount of the notes, with the interest from their date to the day of sale.

*McCrea* instituted this suit against the defendant for the recovery of the sum which had thus been deducted from the price of the notes, with interest from the

McCREA
v.
MARSHALL.

7th March, 1842, alleging that the reduction had been made for his benefit, and that *Marshall* had promised to give him the credit. There was a judgment in the court below in favor of the plaintiff for $750, from which the defendant has appealed. The plaintiff, in his answer to the appeal, asks that the judgment of the inferior court be so amended as to allow him interest, as claimed in his petition.

The character of the transaction between *Barnard* and *Marshall*, the understanding of the parties in relation to it, and the assumpsit of *Marshall*, are to be found in a letter from the latter to *McCrea*, dated at New York, August 8th, 1843, from which the following is an extract :

" On my arrival here, yesterday, I received your favor of the 16th ult., and now hasten to reply to your enquiries. I settled with *Barnard* by his deducting some $700 or $800, for the land you say is short. This was the only and the best settlement I could make, as he had all the law on his side, the land having been described in the deed by metes and bounds. Had hard work to get what I did. In truth, I considered it so much saved ; for, agreeably to the law, my lawyer informed me *Barnard* was not bound to you for any deficiency, but only to me by way of misrepresentation, and even that, perhaps, somewhat doubtful. You are actually bound in the whole amount of the notes to the holder of them—still I am willing to allow you the amount I got off, less the expenses incurred in making the settlement."

The defences which *Marshall* opposes to the plaintiffs action are :

1st. That there was no deficiency in the quantity of the land.

2d. That the contract between himself and the plaintiff was subsequently modified, and the credit to be given made to depend upon prompt payment of the notes, which condition was not complied with.

3d. In this court he pleads, that the judgment rendered for the seizure and sale of the mortgaged property has the force of the thing adjudged against the claim of the plaintiff.

I. It does not appear, nor is it material to the present inquiry, whether there was or not a deficiency in the quantity of land conveyed by *Barnard* to *McCrea*. From the evidence, it is clear, that *Marshall*, acting upon the suggestion of the defendant, obtained a deduction of $700 or $800 from the price which he was to have paid for the notes. It is equally clear, that the understanding of the parties, at the time, was that the deduction was made for the benefit of *McCrea*, and that *Marshall* subsequently promised to credit him with the amount. It further appears, that *Marshall* has collected from *McCrea* the full amount of the notes, with eight per cent interest from their date.

If, however, it were important to ascertain whether the deficiency exist or not, the burthen of proof rests upon the defendant, who pleads it specially as matter of defence.

The fact that he subsequently caused the land to be seized and sold, representing it in the proceeding and sale to contain seven hundred and sixty acres, is not sufficient proof to establish that to be the quantity of the tract; and this is the only evidence in support of that averment.

II. An effort was made, upon the trial, to prove that, in January, 1844, a different contract was entered into between *Marshall* and *McCrea*, in relation to the sum deducted from the price of the notes; but we consider the evidence adduced for that purpose insufficient. The proof of contracts or agreements above five hundred dollars in value, must be made by at least one witness, and other corroborating circumstances. A single witness has testified in relation to it, and

MᶜCREA
v.
MARSHALL.

the record furnishes no additional circumstances in support of the alleged agreement. Civil Code, art. 2257. 3 La. 211. 19 La. 265. 2 Rob. 211.

III. In support of the plea of *res judicata*, the defendant relies upon the order granted for the seizure and sale of the mortgaged property, contending that the plaintiff should have urged his claim in that proceeding. It was not pleaded, however, in compensation, or otherwise, and has never been in contest between the parties, or the subject of judicial inquiry, until the commencement of this suit. The fact that he abstained from availing himself of it in a former suit, does not preclude him from claiming the sum in a separate action. 6 Mart. N. S. 252. Civil Code, art. 2265.

The court below awarded to the plaintiff $750, which we think just; but it erred, in our opinion, in not allowing eight per cent interest upon this sum, from the date of the notes to that of the sale; and further, in not allowing interest upon the principal sum, from judicial demand. *Marshall* has collected from the plaintiff the full amount of the notes, with eight per cent interest from their date. Had the credit due been given, to take effect from the date of the notes, interest upon that sum would have ceased to accrue; and *Marshall* would have collected upon his execution, the price of the land, less $750, with eight per cent interest from 7th March, 1842.

It is, therefore, ordered and decreed, that the judgment of the Commercial Court be amended; and that, in addition to the sum of $750, awarded in said judgment to the plaintiff, he recover of the defendant the sum of $137,50, being the interest at eight per cent, from the 7th March, 1842, to the 24th June, 1844, upon the said sum. It is further ordered that the plaintiff have legal interest upon $750, from judicial demand. In other respects, said judgment is affirmed, with costs.