(44 South. 796.)

No. 16,743.

GOLDSTEIN v. CITY OF SHREVEPORT.

In re CITY OF SHREVEPORT.

(Oct. 21, 1907.)

1. APPEAL—COURTS OF APPEAL—APPLICATION FOR REHEARING.

The delay for filing applications after decision in Courts of Appeal held in the country

parishes is three days from the day that the opinion in the case is rendered and filed, not six days.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3232.]

2. SAME.

The applicant had three days within which to apply for a rehearing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3232.]

3. SAME.

The court complied with the twenty-third amendment, adopted November 6, 1906, requiring the court to grant a delay of three days.

4. SAME—REPEAL OF STATUTE.

Act No. 100, p. 149, of the legislative session of 1896, is not repealed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3232.]

5. SAME—REHEARING—DELAY.

Six days' delay would prevent the Court of Appeal from holding all of the sessions due in the respective districts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3232.]

(Syllabus by the Court.)

Action by S. Goldstein against the city of Shreveport. Judgment for plaintiff was affirmed by the Court of Appeal, and on refusal of a rehearing the city of Shreveport applied for writs of certiorari and mandamus. Petition dismissed.

Ruffin Golson Pleasant, City Atty., for applicant. Respondent Judges (Sidney Levy Herold, of counsel), pro se.

BREAUX, C. J. The application for a rehearing was not made within the legal delay of three days by the city of Shreveport, though the court was in session during that delay and after judgment had been rendered.

This was the ground of the court's refusal to consider the application for a rehearing by the defendant (relator), the city of Shreveport, of which the relator complains.

The contention of relator is that six days, instead of three, is the time limit to make an application, as the six-day rule of the Supreme Court is the only rule upon the subject.

We do not find it possible to agree with it.

The three-day rule is controlling, for by Act No. 100, p. 149, of 1896, the time in which judgments of the Courts of Appeal became final is three days in all Courts of Appeal, except the court which holds its sessions in the city of New Orleans.

Relator urged that article 104 of the Constitution of 1898, regarding rules of practice regulating appeals and proceedings in the Supreme Court, applies to appeals and proceedings in the Courts of Appeal, and that this article repeals the statute cited supra.

Article 103 of the Constitution of 1879 is in effect similar to article 104 of the Constitution of 1898.

Under the former, the Legislature enacted the statute before cited. It certainly had full effect up to the time of the adoption of the Constitution of 1898, and, unless repealed by the cited article of that Constitution, it is still an existing statute.

When the Supreme Court held its sessions in the country parishes, three days was the time fixed within which to apply for a rehearing, under Act No. 18, p. 33, of 1879, amending article 911 of the Code of Practice.

True, it was and it is different when the Supreme Court holds its sessions in the city of New Orleans. The delay is six days. But that delay is limited exclusively to sessions held in the city of New Orleans, and cannot very well be extended so as to have application to the courts held in the country parishes.

The provisions of the cited article 103 of the Constitution of 1879 are clearly expressed on the subject of delays in which to apply for a rehearing. It does not appear from the amending act of article 911 of the Code of Practice, before referred to, that it was the intention to repeal that statute.

By the provision contained in the cited article of 1898, which ordains that the rules of proceedings should be similar to those which are laid down for the government of the Supreme Court, it does not follow that it repeals the prior act relating to the delay rule, applying to courts held in the country parishes. By limiting the sessions of the Supreme Court to be held in the city of New Orleans, it could not possibly have had the effect of reviving the six-day rule as relates to the courts held in the country parishes.

Under the present law the six-day rule applies to the Supreme Court in the city of New Orleans. It is special to the sessions of the court held in that city.

The other, the three-day rule, is general, and applies to the Courts of Appeal in all the parishes the appeals of which are returnable to the Courts of Appeal held in the country at designated places.

The record informs us that the Court of Appeal in this case had complied with the law requiring it to keep the court in session until cases before it "are heard and finally decided," including the three days' delay in question.

See amendment to the Constitution creating the Courts of Appeal. Acts 1906, p. 227, No. 137 (Const. Amend. 23).

There is another ground, equally as fatal to relator's application.

The Constitution provides that rules regulating appeals shall apply to appeals in proceedings in so far as they may be applicable.

See article 104 of the Constitution of 1898.

If six days were the delay, then there would result embarrassing delays in sessions of court, as there are seven places named in the Constitution for hearing cases twice a year. Some of these sessions, because of the consequent delay, would be interfered with. This was evidently not the intention. Repeal was evidently not the purpose.

The points involved related to the articles of the Constitution and to statutes regarding jurisdiction. We deemed it advisable to

hear the parties, and therefore issued the rule nisi. After hearing, we have arrived at the conclusion that the applicant has no good ground of complaint.

For reasons assigned, the rule nisi is recalled, the demand is denied, and the petition dismissed.