LAND, J.
Relators respectively apply for mandamus to compel the respondent judges to hear and determine their respective petitions for a rehearing. The answer is that the said petitions came too late under the rules of the court prescribing a delay of three legal days for the filing of applications for rehearings. The rejoinder is that rela-tors were entitled to three judicial days under the express provisions of Act No. 100, p. 149, of 1896. There can be no question that the relators’ contention is correct, if said act has not been repealed or modified by the constitutional amendments of 1906 (Act No. *127 1S7, p. 227, of 1906). We can see nothing, however,, in these amendments inconsistent with the right claimed by the relators. On the contrary, the organic law makes it mandatory that Courts of Appeal shall remain in session at their meeting places “until the cases before them are heard and finally determined.” This necessarily implies that the court shall not adjourn until rehearings are disposed of. In the instant case the court did not adjourn, but took a recess to a day certain. Under the act of 1896 the relators were in time when they filed their petitions for a rehearing on the first judicial day after the rendition of judgment There is no escape from this proposition, unless we assume that the act of 1896 has been abrogated, and this seems to be the view of our learned Brothers of the court below. This conclusion, however, leaves article 104 of the Constitution in force, and it declares that the rules of practice in the Supreme Court and in the Courts of Appeal shall be the same, “until otherwise provided by law.” These rules gave six judicial days for filing of petitions for rehearings, and the present rule (Acts of 1908) gives 15 legal days.
We, however, are clearly of opinion that Act No. 100, p. 149, of 1896, is still in force as to the three judicial days allowed for filing of rehearings in Courts of Appeal, and that the law cannot be changed by a rule of the courts.
It is therefore ordered that peremptory writs of mandamus issue in each case as prayed for by the relators.