BREAUX, C. J.
Under article 104 of the Constitution, the honorable judges of the Court of Appeal certify a proposition of law to this court. They desire instruction in regard to whether 6 judicial days after the rendition of a decree by that court is the delay within which to apply for a rehearing, or whether it is 15 days.
The motion for a rehearing was filed in that court after the 0 judicial days had elapsed; the contention of the mover being that he had 15 days.
Article 104 of the Constitution ordains that the rules of practice that regulate appeals in this court shall apply to appeals and proceedings in the Court of Appeal.
In 1908 the General Assembly fixed the delay for a rehearing in this court at 15 days. Act No. 223 of 1908.
To sustain the opinion that the last-cited act is controlling in the Court of Appeal would be in effect to decide that it is a repealing act in so far as relates to the Court of Appeal.
We are not of the opinion that it has that effect.
True the article of the Constitution before referred to provides that the rule of procedure in both courts shall be similar so far as it may be applicable. But the Constitution also ordains that law and rule shall remain until otherwise provided.
It has not been otherwise provided. Besides, there is some restriction in the article of the Constitution cited in the phrase “so far as may be applicable.”
It is for the Legislature to determine as to the “applicability of the rule.”
Whenever there is no law upon the subject, then the rule of practice to regulate appeals in this court regulates appeals in the Court of Appeal. But if there is a law upon the subject, it behooves the Legislature to repeal the law and enact another in its stead, if a change is deemed proper.
The Court of Appeal has a rule of its own which limits the time to 6 days, adopted as authorized by Act No. 100 of 1896.
That fact also has to be considered in deciding the point at issue, as it was considered as having weight in the case of Gremillion v. Jones, 122 La. 126, 47 South. 432.
As in the just cited case, in our opinion, the law’s intention is that 6 days shall be the limit.
The just cited case is' very similar to the one before us for decision. In that case the court decided Act No. 100 of 1896, allowing 3 judicial days for a petition for a rehearing in the Courts of Appeal, is an unrepealed act.
It it be not repealed in so far as relates to the 3 judicial days, it is not repealed as relates to the 6 judicial days.
To the first proposition we answer that 6 judicial days is the time, and to the alternative question we answer that 15 days’ delay is exclusively confined to the Supreme Court, under the act before cited. It follows that we answer the first proposition in the affirmative, and the alternative question in the negative.