No. 4940.

(Court of Appeal, Parish of Orleans.)

## MISS NICOLETTA SHELLY vs. LOUIS MIRAMON.

W. J. Hennessey for plaintiff and appellee.

Carroll, Henderson & Carroll for defendant and appellant.

## On Rule to Compel Acceptance of Title.

ST. PAUL, J.—Plaintiff issued executory process against property belonging to defendant and Jules S. Dreyfus, the appellee herein, became the adjudicatee at the Sheriff's sale.

He refused to accept title on several grounds, of which the following only are here insisted upon, viz.: That there is a variance between the note sued on and the act of mortgage by which it purports to be secured, in this, that the note sued on is actually dated April 15th, whilst the mortgage describes it as dated one day later; that there is outstanding and uncanceled another mortgage note, and the holder thereof, even though the same be of later date, may be entitled to take advantage of the aforesaid variance to urge the priority of his own claims over those asserted by plaintiff, and disregarding these proceedings, may disturb the possession and title of appellee, derived hereunder; that defendant is himself entitled to complain of said variance.

The only question herein presented is whether appellee's fears be well founded. These fears amount in effect to this, that defendant and the holder of the outstanding mortgage note, may either or both of them, urge the nullity of these whole proceedings by reason of the aforesaid variance.

Granting that such variance be good ground for annulling the proceedings, and that third persons having an interest may have such nullity pronounced (Quine vs. Mayes, 2 Rob. 210), there were, however, but two ways

in which the nullity could be urged, one by action in the court a qua, the other by appeal. (Code of Practice, Art. 608.) One may avail himself of either, but not of both; judgment in either form of proceeding would be **res judicata** in the other. (Trescott vs. Lewis, 12 An. 197.)

Therefore, both defendant and the holder of the outstanding mortgage note, were entitled to proceed in either way. It was for them to choose. Defendant chose to appeal, and his appeal has this day been dismissed by us because we found that he had acquiesced in the proceedings.

This action on our part disposes finally of any contentions he might have been able to urge as to the validity of the proceedings herein had.

As to the holder of the outstanding mortgage note, Gustave Mathis, the record herein shows that he voluntarily became a party to Miramon's appeal by signing the appeal bond for the latter (**Webb vs. Conery, 12 An. 283**); that he has, throughout these proceedings, been fully cognizant of the whole course thereof; that, though present at all times in the parish, no steps other than the above have been taken by him, either herein or otherwise, to arrest the sale, or assert his claim to superiority over plaintiff, if any he has; that, although the note he holds is long overdue, he has taken no steps to foreclose or recover thereon in any form.

By this course of conduct he has, we think, judicially and otherwise, estopped and cut himself off from any right to object to the sale, which has now become an accomplished fact. We think that the rule announced by **Civil Code, Art. 612** as to a defendant who has not been cited is equally applicable to third persons. Such defendant, if he be "present in the parish and yet suffer the judgment to be executed without opposing the same" cannot afterwards set up the nullity of such judgment.

Nor is this a mere arbitrary expression of the legislative will; it is but an application of the well known principle of equitable estoppel, and we think that Article 21 of the Civil Code permits of its extension to third persons.

We are, therefore, of opinion that Mathis, who stood by and permitted the sale to take place, without protest from him, can no longer challenge the validity thereof, but must be relegated to the proceeds of said sale. His claim, if any he has, must be urged against these and not against the property. Hence, appellee, Dreyfus, may safely take title to the property.

As we have said, Mathis voluntarily became a party to Miramon's appeal, and as that appeal has been consolidated with the present appeal, he is also a party hereto.

But the merits of his claim to priority over plaintiff on the proceeds of sale are not before us, and we have no right, nor is the condition of the record at this time such as to permit us to pass thereon.

Hence, that question remains open for the widest inquiry, all that we now hold being that Mathis must urge his claim against the proceeds of sale, and cannot urge them against the property; wherefore, we think that the title herein tendered to appellee, Dreyfous, is sufficient.

It is, therefore, ordered that the judgment herein appealed from be reversed, and it is now ordered that Jules S. Dreyfous do comply with his bid and accept title to the property herein adjudicated to him and pay the price thereof to the Sheriff, provided that the usual certificates be furnished showing that said property has not been alienated and is free from all incumbrances and judgments, and that the taxes thereon have all been paid; and in default of his compliance herewith that his deposit be forfeited, the appellee, Jules S. Dreyfous, to pay the costs of both courts.