Charles F. Claiborne,
                Judge.

LAND DEVELOPMENT CO. of LA., LTD.

                VS                                    No. 8488.

CENTRAL LAUNDRY CO.

April 10th, 1922.

CHARLES F. CLAIB'RN_, JUDGE.

On Motion to .ismiss the Appeal.

From a judgment conde: .ing .im to deliver possession of certain premises to plaintifi. the defendant has appealed.

The plaintiff and appellee has moved to dismiss the appeal on the following grounds:

1o "That the appellant fails to bring with the transcript of appeal the testimony adduced in the lower Court, and without such testimony, the case cannot be heard or decided by this Court on its merits".

11o "That there is no appeal bond filed. That what appears to be an appeal bond is signed by L. E. Konrad, as surety; that the said L. E. Konrad is the real party in interest in these proceedings and is the lessor of the defendant, and therefore concluded by the judgment rendered in this ca , which judgment is res judicata as to said L. E. Konrad, and therefore, being the party cast in the suit, is not competent to sign the appeal bond as surety, and the appeal therefore comes up without an appeal bond".

On the original trial of the motion to dismiss submitted without argument or briefs, the appeal was dismissed upon the *some decisions pendered* first ground based upon ~~the~~ obtaining anterior to Act 229 of 1910. On an application for a rehearing, the appellant called the attention of the Court to said Act and to the decision in Quaker Realty Co. vs Posey, 130 La. 941.

Upon the authority of that case, the rehearing was granted, and the appellant given fifteen days to bring up the missing testimony. In pursuance of said decree this Court issued a certiorari ordering the Clerk of the District Court to transmit to this Court all the testimony, exhibits, and documents on file in this cause. The same have since been brought up.

1. The authorities quoted, and relied on, by appellee in support of his motion are all anterior to the year 1910, the most recent being 38 A. 34 in the year 1886. But the Act of 1910 brushed away the technicalities enforced anterior thereto. It reads as follows:

An Act.

"In relation to the taking of appeals in Civil suits and the taxation of costs thereon."

Be it enacted & c: That the appellant may, on taking his appeal, or within three current days thereafter, file with the Clerk of Court, a written list of the portions of the record to constitute the transcript of appeal. The appellee may, within five days after such notice by appellant to the Clerk, designate in the same manner such other portions as he deems necessary. The Clerks shall prepare the transcript as so directed, and when so prepared the appeal shall not be dismissed on the ground of the transcript being defective, but the parties and the Court shall have the right to cause to be filed thereafter any omitted portion of the record as a supplemental transcript. In the absence of such direction by appellant, the transcript shall be prepared as the law now directs".

This statute was amended by Act No. 265 of 1918 p 487, by striking out the words

"after such notice by appellant to the Clerk" and inserting

"after service of a copy of such notice".

170

In interpreting the Act of 1910 the Supreme Court said in Quaker Realty Co. vs Posey, 130 La. 941 (943):

"Under the law as it stood prior to the enactment of the statute thus quoted, the dismissal of the appeal would probably have been authorized (quoting 38 A. 34 and anterior decisions). As matters now stand, the remedy is for the Court to cause to be filed the omitted portion of the transcript as a supplemental transcript".

This decision was affirmed in Brown vs Staples 138 La. 604 and in Twomey vs Papalia 142 La. 624.

But appellee contends that these decisions interpret the practice before the Supreme Court and have no application to the Courts of Appeal. There is no foundation for this contention and difference. The Act relates

"to the taking of appeals in civil suits". In the absence of a restriction to the Supreme Court alone, it must extend to all appeals in all Courts, including the Courts of Appeal.

But even if the Act had specifically mentioned the taking of appeals to the Supreme Court, it would have applied to Courts of Appeals. Section 27 of Article 7 of the Constitution of 1921 p 45 provides that:

"The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided". 120 La. 509; 126 La. 168; 119 La. 959.

Nor is there any force in the argument that because the record in the lower Court is copied to make up the transcript for the Supreme Court, while

"all cases on appeal to the Courts of Appeal shall be tried on the original record, pleadings, and evidence", that the Act of 1910 cannot apply to the Courts of Appeal. In

appeals to both Courts the record goes up; the only difference is, that in the Supreme Court it goes up in a copy, while in the Court of Appeal it is taken up in the original. But in both cases it is in the power of the parties to

"file with the Clerk a written list of the portions of the record to constitute the transcript of appeal".

But the Acts of 1910 and 1918 merely amplified the law and jurisprudence which had existed long prior thereto.

C. P. 898: "If, at the time of argument, or before, the appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the Clerk having failed to certify the copy as containing all the testimony produced in the cause, or from any similar irregularities not arising from any act of the appellant, the Court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended.

And in 1839 the statute of jeofail was passed (Act 52 p 162 (170) Sec. 19) which provided:

"And no appeal to the Supreme Court shall be dismissed on account of any defect, error, or irregularity in the petition or order of appeal, or in the certificate of the Clerk or Judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error, or irregularity is imputable to the appelllant; but in all such cases the Court shall grant a reasonable time to correct such errors or irregularities (in case they are not waived by the appellee), and may impose upon the appellant such terms and conditions as, in their discretion, they may deem necessary for the attainment of justice - and may also impose such fines on the officer who shall have

caused such irregularities as they may deem proportioned to the offenses".

In 15 La. 500 the Court said:

"The Act of Legislature, approved March 20th, 1839 Section 19 makes it the duty of this Court, in a case like this, to refrain from dismissing the appeal, and to grant a reasonable time to have the record perfected".

When the transcript is deficient through no fault of appellant, he may move to complete it by certiorari. 5 M. 668; 9 M. 185; 3 R. 1; 13 A. 288; 27 A. 444; 38 A. 836; 134 La. 467; 136 La. 531.

Certiorari may issue even after submission of the case. 15 A.717; 37 A. 295; 39 A. 780; 42 A. 381, 799; 44 A. 82.

A certiorari will be useless if the documents are filed. 25 A. 335; 29 A. 822; 33 A. 873; 45 A. 733, 935.

The law favors appeals and in doubtful cases the appeal will be maintained. 1 La. Dig. p 523.

"The facility for dismissing appeals that formerly existed and of which parties constantly availed themselves to the great detriment of substantial justice has been restricted by the wise" (legislation) & c 29 A. 823; 33 A. 875.

"The rankest injustice had been so often done by the dismissal of appeals for all manner of technicalities and informalities, that provision was then made (Act of 1839) saving parties appellants from dismissal for defects or irregularities not imputable to them". 31 A. 595.

II. It is only the party cast by the judgment who cannot sign the appeal bond as surety. In this case, it is true that the defendant was bound to notify his lessor, of this suit, if he would preserve his right to claim damages from him. But he did not make Konrad a party to the suit. There was no judgment against Konrad nor was he bound by the judgment against defendant.

But the record shows that Konrad was acting as the agent of other parties claiming to be owners of said property. 32 A. 718.

"The surety in injunction is a competent surety on the appeal bond in the same suit, unless he has been condemned by the judgment appealed from as a party under Act 1831 No. 48". 12 L. 383; 25 A. 36; 36 A. 390.

"He who has no interest in a suit and is a party thereto only as agent for one of the litigants, is a competent surety". 12 A. 175.

The motion to dismiss the appeal is denied.

April 10th, 1922.